```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:03CR096-V
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JAIME CISNEROS-GARCIA, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Extension of Time, filed on November 16, 2007. Document #52.

The Court entered an amended judgment against the Defendant on December 4, 2006. In his motion, Defendant requests an extension of time to "collateral attack his prior deportation under U.S.C.A. 1326." Def. Mt. 1. Defendant states that he received ineffective assistance of counsel.[1] Id. at 2. Construing this motion as a request for an extension of time to appeal the judgment, the Court finds that such a motion must be dismissed as untimely. See Fed. R. App. P. 4(b)(4).[2]

In the alternative, the Court could construe this motion as a petition for habeas

---

[1] In an unpublished decision, the Fourth Circuit upheld the conviction of the Defendant but remanded the case to the district court for re-sentencing. See Document #41. The Fourth Circuit rejected the Defendant's challenge to the validity of the underlying deportation order. The Court held that counsel for the Defendant waived this challenge by not raising it prior to trial, and it also held that any pre-trial challenge would have failed because the claims of Defendant did not raise a due process violation or demonstrate any prejudice. Id. at 7-8. However, the Defendant's claims for ineffective assistance of counsel appear to be broader than the deportation order issue. See Def. Mt. 2.

[2] Federal Rule of Appellate Procedure 4(b) generally requires an appeal of a criminal judgment to be filed within ten (10) days of the judgment. A petitioner may move for an extension of time to file a notice of appeal "for a period not to exceed 30 days from the expiration of time otherwise prescribed by this Rule." Defendant filed this motion about one year after judgment had been entered, and therefore such a motion is untimely.

corpus relief on the grounds of ineffective assistance of counsel. Since the Defendant filed this motion within one year of the date of judgment, such a petition would be timely. See 28 U.S.C. § 2255, ¶ 6 (imposing a one-year statute of limitations). However, before converting the motion of Defendant to a petition for habeas relief, the Court must provide proper notice to the Defendant of the consequences of such a conversion. See United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008) (requiring courts to notify all pro se litigants of the consequences of re-characterization of their motion as a petition for habeas relief); see also United States v. Castro, 540 U.S. 375 (2003).

Therefore, the Court hereby advises the Defendant of the following: 1) the Court may construe his Motion for an Extension of Time as a collateral attack upon his judgment for ineffective assistance of counsel pursuant to 28 U.S.C. § 2255; 2) if it is so construed, the Court will provide the Defendant with an opportunity to respond and / or supplement his motion; and 3) a consequence of converting Defendant's Motion into a § 2255 motion is that any later attempt by Defendant to file a §2255 motion would be subject to dismissal as a second or successive petition. United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002). Defendant should ensure that he understands the consequences of submitting a §2255 petition which are described below.

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") which amended § 2255. In relevant part, § 2255 now provides that "[t]he (one-year) limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by

the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.[3]

Generally, second or successive motions under § 2255 are prohibited. 28 U.S.C. § 2255. A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

> 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

If the above-stated criteria is not met, the district court can dismiss the petition. Rules Governing Section 2255 Proceedings, Rules 4(b), 9(b).

**IT IS, THEREFORE, ORDERED** that the Defendant has **twenty (20) days** to **RESPOND** to this Order. If Defendant chooses to respond, the Court will consider his requests, including a request to consider his filing herein as a § 2255 petition or not. **IF DEFENDANT FAILS TO RESPOND, THE COURT WILL CONSTRUE THE FILING AS A PETITION PURSUANT TO 28 U.S.C. § 2255 AND PROCEED ACCORDINGLY.**

**IT IS FURTHER ORDERED** that, insofar as Defendant moved for an extension of time to file a notice of appeal, that Motion is hereby **DENIED**.

---

[3]Since the Court imposed final judgment over one-year ago, any petition for habeas review now filed by the Defendant would be untimely unless it qualified under parts 2, 3, or 4 of 28 U.S.C. § 2255, ¶ 6.

Signed: May 12, 2008

*[signature: Richard L. Voorhees]*

Richard L. Voorhees
United States District Judge